UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
DWAYNE THOMAS,

                  Petitioner,

          -against-

UNITED STATES OF AMERICA,

                  Respondent.
------------------------------------------------

17cv781
12cr174

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Petitioner Dwayne Thomas moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Thomas's petition is denied.

## BACKGROUND

        On May 2, 2013, a jury in this District convicted Thomas of the following crimes: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1); two counts of robbery, in violation of 18 U.S.C. § 1951(b)(3); two counts of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and conspiracy to kidnap, in violation of 18 U.S.C. § 1201(a) ("Case One"). (12-cr-174, Criminal ECF No. 189 ("Judgment of Conviction").) On October 30, 2013, this Court vacated Thomas's conviction for one of the robberies and the related conviction for using or carrying a firearm in connection with that robbery. United States v. Thomas, 981 F. Supp. 2d 229, 241–43 (S.D.N.Y. 2013). The Government appealed. (12-cr-174, Criminal ECF No. 161.) Thereafter, the Government withdrew its appeal and declined to retry Thomas on the two vacated counts of conviction. (12-cr-174, Criminal ECF No. 170.)

1

On October 31, 2014, this Court sentenced Thomas principally to a term of 228 months of incarceration. (Judgment of Conviction, at 3.) The sentence included 144 months for the convictions for Hobbs Act conspiracy, robbery, and kidnapping conspiracy to run concurrently with 120 months for the § 924(g)(1) firearms charge. (Judgment of Conviction, at 3.) In addition, this Court sentenced Thomas to 84 months of imprisonment on the § 924(c) firearms charge to run consecutively to all other counts. (Judgment of Conviction, at 3.)

Approximately one year later, the Government charged Thomas in a new indictment with using or carrying a firearm in connection with an attempted robbery that resulted in the death of an individual, in violation of 18 U.S.C. § 924(j) ("Case Two"). (15-cr-740-RA, ECF No. 1, at 1–2.) Thomas pled guilty before the Honorable Judge Ronnie Abrams to a Superseding Information charging him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1). (15-cr-740-RA, ECF No. 74, at 3; 15-cr-740-RA, ECF No. 29, at 1.) On April 13, 2017, Judge Abrams sentenced Thomas to a term of 240 months of imprisonment, with 180 months of that term running consecutive to any undischarged sentence imposed by this Court in Case One. (15-cr-740-RA, ECF No. 69, at 26.)

On February 1, 2017, prior to being sentenced in Case Two, Thomas filed this habeas petition claiming two separate grounds for relief under 28 U.S.C. § 2255. (See generally ECF No. 1 ("Petition").) First, Thomas sought vacatur of his § 924(c) conviction, arguing that Hobbs Act robbery no longer constitutes a predicate "crime of violence" following Johnson v. United States, 576 U.S. 591 (2015). (Petition, at 5.) Second, Thomas sought resentencing on his § 924(c) conviction, claiming that this consecutive sentence should be served prior to his sentences on the other substantive counts of conviction in Cases One and Two. (Petition, at 14.) The Government counters that the relief Thomas seeks is improper on a habeas petition and

procedurally defaulted because it was not raised on appeal. (ECF No. 30 ("Government Opp'n"), at 1–2.)

## DISCUSSION

I. <u>Legal Standard</u>

Under 28 U.S.C. § 2255, a petitioner may "move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Collateral challenges conflict with "society's strong interest in the finality of criminal convictions," and petitioners are therefore subject to a higher bar "to upset a conviction by collateral, as opposed to direct, attack." <u>Yick Man Mui v. United States</u>, 614 F.3d 50, 53 (2d Cir. 2010) (quotation marks omitted). Indeed, "[a] motion under § 2255 is not a substitute for an appeal." <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1998) (citing <u>United States v. Pipitone,</u> 67 F.3d 34, 38 (2d Cir. 1995)). To prevail on a § 2255 motion, a movant must show "constitutional error . . . or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995) (quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)).

II. <u>"Crime of Violence" Under § 924(c)</u>

Section 924(c) criminalizes using or carrying of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines "crime of violence" as a felony that either: (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause" or "force clause"); or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause" or "risk-of-force clause"). 18 U.S.C. § 924(c)(3)(A)–(B). In <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019),

the Supreme Court deemed the risk-of-force clause in § 924(c)(3)(B) unconstitutionally vague, 139 S. Ct. at 2336, but it did not invalidate the force clause in § 924(c)(3)(A), see United States v. Barrett, 937 F.3d 126, 128–29 (2d Cir. 2019); see also Angulo-Aguirre v. United States, 2019 WL 6716632, at *2 (S.D.N.Y. Dec. 10, 2019) ("[T]here is no suggestion in Davis . . . that the language of the force clause [in § 924(c)] . . . was suspect." (emphasis removed)).[1]

As relevant here, the Second Circuit in Barrett re-affirmed a conviction under § 924(c), premised upon the use of a firearm during a Hobbs Act robbery. Barrett, 937 F.3d at 127. Specifically, the Court of Appeals held, "[t]he predicate offense for each of [Barrett's § 924(c) convictions] is substantive Hobbs Act robbery, which can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach not at issue in Davis." Barrett, 937 F.3d at 128 (emphasis removed). Thomas acknowledges the Second Circuit's holding in Barrett and concedes that his first ground for relief under § 2255 must be denied. Thus, because Thomas's conviction for Hobbs Act robbery is categorically a crime under § 924's force clause, his first claim fails.

III.     Resentencing Under § 2255

    a.     Procedural Foreclosure

The Supreme Court has long held that "§ 2255 'does not encompass all claimed errors in conviction and sentencing.'" United States v. Hoskins, 905 F.3d 97, 103 (2d Cir. 2018) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). "Generally, relief is available under section 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court,

---

[1] The Supreme Court's holding in Davis is the most recent in a series of cases involving vagueness challenges to other, similarly-worded residual clauses. In Johnson v United States, the Court deemed the residual clause within the Armed Career Criminal Act's definition of "violent felony" to be unconstitutionally vague. See 576 U.S. 591, 595–96 (2015). Relying on Johnson, the Supreme Court, in Sessions v. Dimaya, held that the residual clause within the definition of "crime of violence" in 18 U.S.C. § 16 was also unconstitutional. 138 S. Ct. 1204, 1213–16 (2018).

or an error of law that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Hardy v. United States, 878 F.2d 94, 97 (2d Cir. 1989) (quoting Addonizio, 442 U.S. at 185). Indeed, "the failure to raise a nonconstitutional or nonjurisdictional claim on direct review," precludes the assertion of such a claim under § 2255. See Brennan v. United States, 867 F.2d 111, 117 (2d Cir. 1989). Accordingly, the Second Circuit "adhere[s] to the traditional rule that nonconstitutional and nonjurisdictional claims are generally procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal." Brennan, 867 F.2d at 120.

However, Thomas neither demonstrates a complete miscarriage of justice nor offers a jurisdictional or constitutional argument. Instead, his claim rests on the manner and order in which his sentences were imposed by this Court and Judge Abrams. (Petitioner Mem., at 4–6.) Accordingly, Thomas's claim is procedurally foreclosed under § 2255. See Brennan, 867 F.2d at 120–21.

b. Procedural Default

It is axiomatic that a "motion under § 2255 is not a substitute for appeal," because a "claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review." Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). Because Thomas did not timely appeal his sentencing on the § 924(c) conviction and the time to appeal that sentencing has expired, he has procedurally defaulted.

To overcome this procedural default, Thomas must demonstrate that he failed to bring a direct appeal within the prescribed time limits for cause and that his failure to appeal resulted in actual prejudice against him, or that he is actually innocent. See Bousley v. United States, 523 U.S. 614, 622 (1998). None of these extenuating circumstances are present. Thomas argues that he could not have raised this sentencing issue on direct appeal in Case One because

he had not yet been charged in Case Two. (Petition, at 7.) However, this argument ignores the fact that he could have raised this issue on direct appeal in Case Two and did not. Further, Thomas makes no showing of actual prejudice and does not argue that he is actually innocent.

    c. Merits

Procedural obstacles aside, Thomas's claim is without merit. Thomas argues that during his sentencing in Case Two, "Judge Abrams declined to address the legal issue of whether [§ 924(c)] precluded her from running any portion of the sentence concurrently with the 84 months imposed by this Court." (Petitioner Mem., at 4.) But in fashioning her sentence, Judge Abrams specifically considered the sentence imposed by this Court on the § 924(c) conviction:

> It is the judgment of this Court that you be committed to the Custody of the Bureau of Prisons for a term of 240 months, 180 of which is to be consecutive to your undischarged term of imprisonment. So, to be clear, if Mr. Thomas has 14 years—or however much it is, it may be a little bit less now—left undischarged on his sentence with Judge Pauley, this term of 180 months is to run consecutive or on top of that undischarged term including the 84 month sentence on the 924(c).

(15-cr-740-RA, ECF No. 69 ("Case Two Sentencing Tr."), at 26.)

Moreover, Judge Abrams determined that she "need not decide . . . whether § 924(c)(1)(D)(2) preclude[d] [her] from running [her] sentence concurrently to the 84-month sentence that Judge Pauley imposed on [the § 924(c)] conviction" because she found that her sentence was reasonable and appropriate. (Case Two Sentencing Tr., at 26.) Noting the stark differences between armed robbery in Case One and murder in Case Two, Judge Abrams ordered that Thomas's § 924(c) sentence in Case One not be credited against his sentence in Case Two. (Case Two Sentencing Tr., at 25–26.) Accordingly, the sentencing transcript makes clear that Judge Abrams appropriately considered the issue of whether the sentence she imposed should run concurrent with the consecutive sentence this Court imposed on Thomas's 924(c) conviction.

Finally, the plain text of 18 U.S.C. § 924(c) is controlling. The statute "mandates a distinct penalty, one that must be imposed 'in addition to the punishment provided for [the predicate] crime of violence.'" Dean v. United States, 137 S. Ct. 1170, 1174 (2017) (citing 18 U.S.C. § 924(c)(1)(A)). "A sentence imposed under § 924(c) must run consecutively to 'any other term of imprisonment imposed on the person,' including any sentence for the predicate crime 'during which the firearm was used, carried, or possessed.'" Dean, 137 S. Ct. at 1174–75 (citing § 924(c)(1)(D)(ii)). Additionally, the statute "states that 'no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person.'" Dean, 137 S. Ct. at 1777 (citing § 924(c)(1)(D)(ii)). Simply put, the statute makes clear that any sentence under § 924(c) is the caboose to any sentence imposed by a court.

## CONCLUSION

For the foregoing reasons, Thomas's habeas petition is denied. Because Thomas has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to terminate all pending motions and mark case number 17-cv-781 as closed.

Dated: January 19, 2021  
      New York, New York

SO ORDERED:

_____  
WILLIAM H. PAULEY III  
U.S.D.J.

7